UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| MERIDIAN VENTURE PARTNERS LLC, | § | Case No. 3:12-07594 |
| | § | Chapter 11 |
| Debtor. | § | Judge Marian F. Harrison |
| | § | |
| MERIDIAN VENTURE PARTNERS LLC, | § | |
| | § | |
| Plaintiff, | § | Adv. Proc. No. 3:12-90539 |
| | § | |
| v. | § | |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| | § | |
| Defendant. | § | |

## RESPONSE TO APRIL 17, 2013, POST-DISMISSAL ORDER

COMES NOW Scott Johannessen, a party in interest herein, and hereby respectfully responds to the Court's April 17, 2013, Order (the "*Post-Dismissal Order*"),[1] as follows:

The primary controversy in this Chapter 11 case and the related adversary proceeding (collectively, the "Bankruptcy Cases") concerns mortgage loan servicing abuses, including unlawful residential foreclosure practices, used by claimant and purported creditor Bank of America, N.A. ("Bank of America") in conjunction with the collection of consumer debts against third parties, none of whom is the debtor herein. Among other things, Bank of America claims that debtor Meridian Venture Partners LLC ("Meridian") is liable on a promissory note Meridian never signed and for which it was never liable. Through a somewhat clever series of procedural maneuvers, Bank of America effectively orchestrated an end to the Bankruptcy Cases in what, so far at least, has been a successful attempt to ensure that evidence of its wrongdoing never sees the light of day.

---
[1] *See* Docket No. 88.

In re Meridian Venture Partners LLC          P a g e | 1          Response to Post-Dismissal Order
Case 3:12-bk-07594   Doc 90   Filed 04/24/13   Entered 04/24/13 21:39:15   Desc Main
                              Document     Page 1 of 7

The Court dismissed the Bankruptcy Cases on April 11, 2013 (the "*Dismissal Order*"), following a hearing on the U.S. Trustee's *Motion to Dismiss*.[2] Accordingly, there is no bankruptcy case pending in which the Court, one week later, can issue the *Post-Dismissal Order*. At least not in any meaningful way. Simply put, it is too late and the Court lacks the jurisdictional prerogative to do so.[3] Further, the *Post-Dismissal Order* does not accurately reflect or address the relief requested in Mr. Johannessen's *Motion for Reconsideration*.[4]

Primarily, the *Motion for Reconsideration* seeks clarification of the Court's March 18, 2013, Order (the "*Order of Prohibition*").[5] The *Order of Prohibition* expressly and without limitation prohibits Mr. Johannessen from "filing any other motion or appearing on behalf of the trust." Consequently, the *Motion for Reconsideration* informs and materially affects both the procedural and substantive postures and trajectories of the Bankruptcy Cases.

Prior to hearing the *Motion to Dismiss* Mr. Johannessen respectfully asked the Court, both orally and in writing, to first hear and allow him to argue the *Motion for Reconsideration*. Also prior to hearing the *Motion to Dismiss* Mr. Johannessen respectfully asked that all matters presently before the Court, save and except the *Motion for Reconsideration*, be continued so as to provide Mr. Johannessen a meaningful opportunity to file important motions that would substantively, procedurally and materially impact the

---

[2] *See* Docket No. 86. The actual date of the dismissals is unclear. The face of the *Dismissal Order* states that it was signed and entered on April 11, 2013. However, ECF Docket entry no. 86 states that the *Dismissal Order* was signed and entered on April 12, 2013. This apparent discrepancy in the record may be inconsequential. However, it is raised here solely for purposes of assessing the timeliness of any possible appeal under 28 U.S.C. § 158(c) and Fed. R. Bankr. P. 8002(a).

[3] *See* 28 U.S.C. § 1334. The bankruptcy court's jurisdiction is limited by 28 U.S.C. § 1334. The Court has exclusive jurisdiction over "all cases under title 11." *Id.* § 1334(a). A case under Title 11 is the underlying bankruptcy case commenced by filing a bankruptcy petition. 1 Collier on Bankruptcy ¶ 3.01[3] (15th ed. Rev'd 2006); *In re John W. Morris*, 950 F.2d 1531 (11th Cir. 1992) ("The bankruptcy court's jurisdiction to decide any matter is invoked by the filing of a bankruptcy petition."). Generally speaking, bankruptcy courts have subject matter jurisdiction only over disputes that could affect the administration of the bankruptcy estate. Where a bankruptcy case is dismissed and the estate no longer exists, "the court is without jurisdiction to entertain any proceedings, irrespective of whether those proceedings are defined as 'core' or related 'non-core' proceedings." *Walnut Assocs. v. Saidel*, 164 B.R. 487, 491 (E.D. Pa. 1994); *In re Smith*, 866 F.2d 576, 580 (3d Cir. 1989).

[4] *See* Docket Nos. 72, 75, 78, 80.

[5] *See* Docket No. 67.

Bankruptcy Cases (the "*Interested Party Motions*").⁶ To Mr. Johannessen's surprise, the parties represented at the April 11, 2013, hearing were not permitted to argue three of the four matters duly noticed and specially set by the Court for hearing on that date. The Court denied Mr. Johannessen's request to be heard on his *Motion for Reconsideration* and promptly dismissed both cases, to the exclusion of all other matters specially set by the Court for hearing that morning.⁷

Again, the record will reflect that the Court denied Mr. Johannessen's request to be heard on his *Motion for Reconsideration*. In essence, the Court refused to allow Mr. Johannessen (1) to represent the legal interests of his family's irrevocable trust, which entity Mr. Johannessen believes has the unfettered Constitutional right to retain counsel of its choice and be represented in the Bankruptcy Cases, and (2) to file several essential motions the law clearly allows him to file in the Bankruptcy Cases under various federal statutes and rules. Now, Mr. Johannessen is precluded from doing so in any meaningful way, notwithstanding the language of the *Post-Dismissal Order*.⁸

---

⁶ Mr. Johannessen had no choice but to seek the Court's clarification of the *Order of Prohibition* before "filing any other motion or appearing on behalf of the trust." He conceivably could have been held in criminal contempt by the Court were he to file any of these motions or appear on behalf of his family's trust without first seeking reconsideration of and clarification from the Court. *See, e.g., Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418 (1911) (criminal contempt is appropriate for punishing a past violation of a prohibitory court order); *Ingalls v. Thompson* (*In re Bradley*), No. 08-50587 (5th Cir. Nov. 11, 2009) (same); *Shillitani v. United States*, 384 U.S. 364, 370 (1966) (same).

⁷ Duly noticed and specially set by the Court for a 9:00 a.m. hearing on April 11, 2013, were four matters: (1) Mr. Johannesen's *Motion for Clarification and Reconsideration* of the Court's March 13, 2013 Order, ECF Docket No. 75 (the "*Motion for Reconsideration*"); (2) debtor Meridian Venture Partners LLC's *Objections to Claims and Evidence*, ECF Docket No. 54 (the "*Objections to Claims*"); (3) the U.S. Trustee's *Motion to Dismiss Case*, ECF Docket No. 69 (the "*Motion to Dismiss*"); and (4) claimant Bank of America N.A.'s *Motion for Relief from Automatic Stay*, ECF Docket No. 67 (the "*Motion for Relief*"). On April 11, 2013, at the call of the Court's 9:00 a.m. hearing docket and for reasons previously stated in his prior Court filings (*see* footnote 4 above), Mr. Johannessen respectfully asked that his *Motion for Reconsideration* be heard first, i.e., before the other three matters also scheduled for hearing that morning. The Court declined Mr. Johannessen's request and, further, informed all counsel and parties present that the *only* matter to be heard by the Court that morning would be the *Motion to Dismiss*. That is to say, the *Motion to Dismiss* would be heard but the other three matters, i.e., the *Motion for Reconsideration*, the *Objections to Claims*, and the *Motion for Relief*, would not be heard as previously duly noticed and specially set by the Court.

⁸ As with the *Dismissal Order* the actual date of the *Post-Dismissal Order* is unclear. The face of the *Post-Dismissal Order* states that it was signed and entered on April 17, 2013. However, ECF Docket entry no. 88 states that the *Post-Dismissal Order* was signed and entered on April 18, 2013. This apparent discrepancy in the record also may be inconsequential. Again, it is raised here solely for purposes of assessing the timeliness of any possible appeal under 28 U.S.C. § 158(c) and Fed. R. Bankr. P. 8002(a).

Had the Court permitted Mr. Johannessen to appear and argue his *Motion for Reconsideration* and then ruled on the *Motion for Reconsideration* as requested by Mr. Johannessen **before** taking action on the *Motion to Dismiss* then the jurisdictional posture of this case may have accommodated the Court's entry of the *Post-Dismissal Order*. But, of course, that is not what happened. Thus, Mr. Johannessen believes it is important, for the sake of record clarity, to at least parenthetically address the language of the *Post-Dismissal Order* and what he would have done had the Court continued the April 11, 2013, hearing as requested and allowed him and other third parties to intervene and file lawful motions and, in addition, permitted the debtor, i.e., Meridian, to appear and participate in those matters through substitute counsel.[9]

By way of example, once the Court clarified the *Order of Prohibition* it was Mr. Johannessen's and likely other third parties' intentions to file a motion to intervene in both Bankruptcy Cases (*see, e.g.*, Fed. R. Bankr. P. 2018, Fed. R. Civ. P. 24, 11 U.S.C. § 1109(b)); to file a Chapter 11 plan of reorganization for the debtor (*see, e.g.*, 11 U.S.C. § 1121(c)(2)); to join in the objections to Bank of America's proofs of claim and evidence, previously filed herein (*see, e.g.*, Fed. R. Bankr. P. 3007; Fed. R. Evid. 103); to request an

---

[9] In the *Post-Dismissal Order* the Court states, among other things,

(1) "Specifically, Mr. Johannessen requested clarification regarding whether he could represent himself in light of this Court's order that he could not represent the debtor in the above-styled case." Respectfully, this statement is not entirely accurate, as what is specifically requested in the *Motion for Reconsideration*, which speaks for itself, is much broader and of greater import than what the Court indicates.

(2) "[I]n Mr. Johannessen's application for employment as counsel for the debtor, Mr. Johannessen represented himself as a disinterested person. However, based on the numerous pleadings and hearings in this case, it is clear that Mr. Johannessen is an interested party, and he argued that he was an interested party in his Request for Clarification/Reconsideration." Respectfully, this statement also is not accurate, and it may be construed incorrectly given the context and history of the Bankruptcy Cases.

In his employment application, which was never opposed by any person or entity, Mr. Johannessen did not represent himself as a "disinterested person." That was a legal determination for the Court to make based on its careful review of the evidence before it, which included Mr. Johannessen's affidavit. The Court, not Mr. Johannessen, determined that he was a "disinterested person" under 11 U.S.C. § 101(14). When Mr. Johannessen filed his motion for employment (*see* Docket No. 9) he had no idea Bank of America would file a proof of claim incorrectly asserting that Meridian was the debtor on a mortgage note Meridian did not sign and for which it is not liable. When Bank of America thereafter engaged in a persistent campaign of impugning Mr. Johannessen's character, motives and reputation he voluntarily withdrew as the debtor's counsel, since the Bankruptcy Cases were rapidly degenerating and focusing on the messenger to the utter exclusion of the message, i.e., Bank of America's unlawful activities.

Further, it bears noting that as a matter of law a "party in interest" within the meaning of 11 U.S.C. § 502(a) (*see* Docket Nos. 44, 64); an "aggrieved party" with standing to challenge a bankruptcy court order (*see, e.g., Stark v. Moran* (*In re Moran*), 566 F.3d 676, 681 (6th Cir. 2009)); and a "disinterested party" within the meaning of 11 U.S.C. § 101(14) are different matters and require entirely separate legal analyses.

evidentiary hearing on the *Motion to Dismiss* and the *Objections to Claims and Evidence* (*see, e.g.*, Fed. R. Bankr. P. 9014); to request findings of fact and conclusions of law vis-à-vis the Court's final orders (*see, e.g.*, Fed. R. Bankr. P. 7052; Fed. R. Civ. P. 52); and to amend the Court's pretrial conference order so as to allow Mr. Johannessen's attendance and participation therein, which attendance and participation the Court on March 27, 2013, previously disallowed even though he was present in Court at the appointed time (*see, e.g.*, AP ECF Docket Nos. 3, 33, 36, 38). But for the peremptory *Dismissal Order* these *Interested Party Motions* would have been filed.

With the utmost respect and the greatest degree of consideration and deference extended to the Court, Mr. Johannessen respectfully submits that the *Post-Dismissal Order* is, at best, inconsequential and, at least, jurisdictionally infirm and highly prejudicial to his and other third parties' due process rights including, but not limited to, those of reasonable notice and an opportunity to be heard.[10]

---

[10] The *Dismissal Order* effectively divested the Court of any authority to reopen the case and entertain any relief requested by any party. To Mr. Johannessen's knowledge, no provision of the Bankruptcy Code permits a dismissed case to be reopened under these circumstances. When a bankruptcy case has been dismissed there is no longer a pending bankruptcy case. *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). It is axiomatic that a court cannot create its own jurisdiction. As the U.S. Court of Appeals for the Third Circuit has held, "[r]etention of jurisdiction provisions will be given effect, assuming there is bankruptcy court jurisdiction. But neither the bankruptcy court nor the parties can write their own jurisdictional ticket." *Binder v. Price Waterhouse & Co. LLP (In re Resorts Int'l Inc.)*, 372 F.3d 154, 161 (3d Cir. 2004). Indeed, the primary effect of dismissal is to restore matters to their pre-petition state as if the case had never been filed. Accordingly, no action that a bankruptcy court might take could possibly have any effect on a nonexistent estate. *See also* 11 U.S.C. § 349(b); S. Rep. No. 989, 95th Cong., 2d Sess. 48 (1978) (stating that purpose of 11 U.S.C. § 349 is "to undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case").

Respectfully submitted,

By: /s/ *Scott D. Johannessen*

Scott D. Johannessen, BPR #26767
LAW OFFICES OF SCOTT D. JOHANNESSEN
3200 West End Avenue, Suite 500
Nashville, TN 37203
Telephone: 877.863.5400
Facsimile: 877.863.5401
E-Mail: scott@sdjnet.com
Web: www.sdjnet.com

*Attorney in Propria Persona*

# CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on the 24th day of April 2013, he caused a true and correct copy of the foregoing document to be delivered to Charles M. Walker, Attorney for the United States Trustee, Region 8, Office of the United States Trustee, 318 Customs House, 701 Broadway, Nashville, Tennessee 37203 and the persons/entities appearing of record herein and below via first class United States mail, postage prepaid, and/or, where possible, via electronic mail through the Court's ECF system. Parties may also access this filing through the Court's ECF system.

    Meridian Venture Partners LLC
    P.O. Box 158059
    Nashville, TN 37215
    Telephone: 916.419.6600
    Facsimile: 916.419.6601
    *No Attorney for Debtor*

    By: /s/ *Scott D. Johannessen*
          Scott D. Johannessen