By order of the Bankruptcy Appellate Panel, the precedential effect of this decision is limited to the case and parties pursuant to 6th Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).

File Name: 13b0008n.06

## BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

| | |
|---|---|
| In re: Meridian Venture Partners, LLC, | ) |
| | ) |
| Debtor. | ) No. 13-8021 |
| | ) |

Appeal from the United States Bankruptcy Court
for the Middle District of Tennessee
Case No. 12-07594

Submitted: November 5, 2013

Decided and Filed: December 11, 2013

Before: EMERSON, HARRIS, AND LLOYD, Bankruptcy Appellate Panel Judges.

---

### COUNSEL

---

ON BRIEF: Scott D. Johannessen, LAW OFFICES OF SCOTT D. JOHANNESSEN, Nashville, Tennessee, for Appellant. Charles M. Walker, OFFICE OF THE UNITED STATES TRUSTEE, Nashville, Tennessee, for Appellee Samuel K. Crocker. Kelli A. Burns, MCGUIRE WOODS, LLP, Charlotte, North Carolina, Allison A. Economy, STITES & HARBISON, PLLC, Nashville, Tennessee, for Appellee Bank of America.

## OPINION

**JOAN A. LLOYD**, Bankruptcy Appellate Panel Judge. Scott Johannessen (the "Appellant") appeals the United States Bankruptcy Court for the Middle District of Tennessee's (the "Bankruptcy Court") order of April 12, 2013, dismissing the Debtor's Chapter 11 case (the "Dismissal Order") under 11 U.S.C. § 1112(b). The Appellant also appeals the Bankruptcy Court's order (the "Post-Dismissal Order") of April 17, 2013, granting in part and denying in part the Appellant's Request for Clarification and Motion to Reconsider the Bankruptcy Court's March 18, 2013, order (the "Exclusion Order") prohibiting the Appellant from "filing any other motion or appearing on behalf of the trust." For the reasons set forth below, the Panel dismisses this appeal for lack of jurisdiction.

## STATEMENT OF ISSUES

The issues presented in this appeal are as follows:
(1) Whether the Appellant has standing to appeal the Bankruptcy Court's Dismissal Order.
(2) Whether the Appellant's appeal of the Post-Dismissal Order is moot.[1]

## JURISDICTION AND STANDARD OF REVIEW

The United States District Court for the Middle District of Tennessee has authorized appeals to the Panel, and no party has timely elected to have this appeal heard by the district court. 28 U.S.C. § 158(b)(6), (c)(1). A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). For purposes of appeal, a final order "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted). A bankruptcy court's

---

[1] The parties have brought up other issues in their briefs. Because the Panel will dispose of this appeal on the issues of standing and mootness, it will refrain from discussing any of the other issues the parties have raised.

2

order dismissing a Chapter 11 case under 11 U.S.C. § 1112(b) is an appealable final order. *In re Lee*, 467 B.R. 906, 910 (B.A.P. 6th Cir. 2012).

The dismissal of a bankruptcy case under 11 U.S.C. § 1112(b) is reviewed for an abuse of discretion. *Id.* at 911. The bankruptcy court's decision, under this standard, will only be disturbed if it "relied upon clearly erroneous findings of fact, improperly applied the governing law, or used an erroneous legal standard." *Elec. Workers Pension Trust Fund of Local Union #58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003). *See also Mayor and City Council of Baltimore, Md. v. W. Va. (In re Eagle-Picher Indus., Inc.)*, 285 F.3d 522, 529 (6th Cir. 2002) ("An abuse of discretion is defined as a 'definite and firm conviction that the [court below] committed a clear error of judgment.' "). "The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *Barlow v. M.J. Waterman & Assocs., Inc. (In re M.J. Waterman & Assocs., Inc.)*, 227 F.3d 604, 608 (6th Cir. 2000).

## FACTUAL AND PROCEDURAL HISTORY

The debtor, Meridian Venture Partners, LLC (the "Debtor"), is a Tennessee Limited Liability Company. The Debtor's sole member is the Johannessen Family 2008 Irrevocable Trust, "an irrevocable grantor trust with a spendthrift provision that is part of an estate plan" established for the Appellant's family in March of 2008. (Mot. Employment ¶ 8, Bankr. Case No. 12-07594, ECF No. 9).

Appellant Scott Johannessen (the "Appellant") is the Debtor's manager. The Appellant has stated in documents filed with the Bankruptcy Court that he is an attorney with "substantial expertise in real estate, business, and financial matters generally." (*Id.*). According to statements made by the Appellant to the Bankruptcy Court, the Appellant has practiced real estate law for twenty-five years. (Hr'g Tr. at 19).

3

On August 19, 2012, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Middle District of Tennessee (the "Bankruptcy Court").[2] The Debtor's petition lists a total of four assets: a piece of real property (the "Sacramento Property") valued at $240,000, operated as rental property and located in Sacramento, California, subject to secured claims of $279,838.61; a second piece of real property located in Citrus Heights, California, valued at $7,500 and subject to secured claims of $6,575.34; a checking account with a value of $100; and a "fraud based" claim "and other claims" against appellee Bank of America, N.A. ("BANA") of an unknown value. (Bankr. Pet. at 5-7, Bankr. Case No. 12-07594, ECF No. 1). The petition lists two secured creditors: BANA, with a claim valued at $246,353.23 (the "BANA Claim"); and Sacramento County, with approximately $40,000 of property tax claims against the Debtor's two pieces of real property. The petition also lists three unsecured creditors, together owed less than $5,000. The Appellant appears in the petition as the attorney for the Debtor, the manager and authorized individual of the Debtor, and a codebtor.

On September 8, 2012, the Appellant filed an application under 11 U.S.C. § 327(a) to employ himself as counsel for the Debtor. Though the application acknowledged that the Appellant is the Debtor's manager and that the Debtor's sole member is the Johannessen Family 2008 Irrevocable Trust, it stated that the Appellant had no ownership or equity interest in the Debtor. On October 17, 2012, the Bankruptcy Court entered an order authorizing the Appellant's employment.

---

[2] The Debtor's petition was filed in order to stop a pending foreclosure sale by Appellee Bank of America, N.A. ("BANA") scheduled for the following day, August 20, 2012. (*See* BANA's Mot. Relief Automatic Stay Ex. E, Bankr. Case No. 12-07594, ECF No. 33). On September 23, 2012, Appellant, on behalf of the Debtor, filed an adversary proceeding against BANA alleging that BANA had violated numerous statutes and committed fraud and misrepresentation. According to BANA, the Appellant is indebted to BANA and in default under a note secured by BANA's security interest in real property located in Sacramento, California (the "Sacramento Property"). BANA alleges that the Appellant wrongfully transferred that property to the Debtor without BANA's consent. The Appellant has been involved in other litigation apparently designed to stymie BANA's efforts to foreclose on the Sacramento Property. *See In re Lorrie Ann Johannessen*, Case No. 11-00836 (Bankr. M.D. Tenn.) (Appellant's wife's Chapter 13 bankruptcy case, dismissed for failure to prosecute); *Scott Johannessen v. BAC Home Loans Servicing, LP*, Case No. 13-00296 (M.D. Tenn.) (civil complaint against BANA).

4

Case 3:12-bk-07594   Doc 102   Filed 12/11/13   Entered 12/11/13 14:38:08   Desc Main
Document      Page 4 of 12

The Appellant represented the Debtor until March of 2013. During this time, the Debtor filed various monthly operating reports with the Bankruptcy Court. None of these reports disclosed the receipt of any income or the payment of any expenses.

On December 21, 2012, and January 1, 2013, the Debtor filed objections to the BANA Claim. On February 6, 2013, BANA filed a motion asking the Court to remove the Appellant as counsel for the Debtor; BANA alleged that the Debtor was not a disinterested party as required for employment under 11 U.S.C. § 327(a). On February 12, 2013, BANA filed a motion for relief from the automatic stay as to the Sacramento Property. On March 1, 2013, the Appellant filed a motion to withdraw as the Debtor's counsel, which the Bankruptcy Court granted on March 5. The Debtor never obtained substitute counsel.

On March 18, 2013, the Bankruptcy Court entered an order (the "Exclusion Order") continuing a scheduled hearing on BANA's motion for relief from the automatic stay to April 11, 2013. That order stated: "Mr. Johannessen is expressly prohibited from filing any other motion or appearing on behalf of the trust." (Exclusion Order at 1, Bankr. Case No. 12-07594, ECF No. 67).

On March 19, 2013, the United States Trustee (the "U.S. Trustee") filed a motion to dismiss the Debtor's Chapter 11 case for cause under 11 U.S.C. § 1112(b) (the "Motion to Dismiss"). The U.S. Trustee argued that dismissal of the Debtor's Chapter 11 case was warranted because: (1) The Debtor lacked operations and had failed to accumulate any cash; (2) the Debtor lacked a reasonable likelihood to reorganize; (3) the Debtor had failed to propose a plan during the seven months it had been in bankruptcy; and (4) the Debtor's bankruptcy case was filed only to hinder BANA's foreclosure sale, so it was not filed in good faith. The Bankruptcy Court set the hearing on the Motion to Dismiss for April 11, 2013, at the same time as the hearing on BANA's motion for relief from the automatic stay. The Debtor did not oppose this Motion to Dismiss, though the Appellant did file a response on his own behalf. The Appellant blamed BANA for any deficiencies in the Debtor's Chapter 11 case and argued that those deficiencies would be ameliorated once the Appellant's dispute with BANA was resolved.

5

On March 26, 2013, the Appellant filed a Request for Clarification and Motion to Reconsider (the "Motion for Clarification and Reconsideration") regarding the Bankruptcy Court's Exclusion Order. In this motion, the Debtor argued that he was an interested party and requested that the Bankruptcy Court "clarify" the Exclusion Order "so as to allow Mr. Johannessen leave to file a motion to intervene and any other lawful motion in this case and the related adversary proceeding." (Motion for Clarification and Reconsideration at 5, Bankr. Case No. 12-07594, ECF No. 72). The Bankruptcy Court noticed the hearing on the Motion for Clarification and Reconsideration for the same time as the hearing on the U.S. Trustee's Motion to Dismiss and BANA's motion for relief from the automatic stay.

On April 11, 2013, the Bankruptcy Court held the hearing on BANA's motion for relief from the automatic stay, the U.S. Trustee's Motion to Dismiss, and the Appellant's Motion for Clarification and Reconsideration. At the hearing, the Bankruptcy Court allowed the Appellant to speak on the Motion to Dismiss as an interested party. Charles Walker ("Mr. Walker"), the attorney for the U.S. Trustee, suggested that "the proper course would be to take the Motion to Dismiss first since . . . it would be dispositive of the case and moot some of the other matters that are set today." (Hr'g Tr. at 2).

The Appellant voiced some disagreement or confusion with regards to Mr. Walker's suggestion that the Bankruptcy Court treat the Motion to Dismiss before the other matters set for hearing. The Bankruptcy Court and the Appellant then engaged in an extended colloquy in which the Appellant insisted that he be "allowed to intervene." (*Id.* at 15). The Court answered: "You don't have to intervene in the Bankruptcy Case." (*Id.*). The Appellant then stated that he had "chosen to do that," to which the Court replied: "I'll grant you the Motion to Intervene in the Bankruptcy Case." (*Id.*).

The Appellant argued that there was no evidence to support the Motion to Dismiss. (*Id.* at 9). The Appellant also blamed BANA for any difficulties in the Debtor's reorganization and stated that, though he had attempted to find a lawyer for the Debtor, he had been unable to find one willing to take the Debtor's case. (*Id.* at 13). Mr. Walker argued that the Debtor's case should be dismissed

6

because no plan had been filed, the Debtor had no income, and the Debtor had no lawyer to file a plan on the Debtor's behalf. The Court agreed with Mr. Walker that a dismissal was in order. The Court stated as follows: "There's no plan, no lawyer, and I don't see how we can proceed in this case." (*Id.* at 23). Soon afterwards, the Court reiterated the point: "Sir, I'm going to dismiss this case for lack of a plan, for lack of a lawyer to represent Meridian Venture Partners, and if Meridian Venture Partners wants to re-file this case they must have a lawyer." (*Id.* at 24). The Bankruptcy Court also held that, because the Chapter 11 case was dismissed, both the motion for relief from the automatic stay filed by BANA and the Appellant's adversary proceeding against BANA were moot.

On April 12, 2013, the Bankruptcy Court entered the Dismissal Order dismissing the Debtor's bankruptcy case for cause under 11 U.S.C. § 1112(b). The Dismissal Order also dismissed the adversary case filed by the Debtor against BANA as moot. Moreover, the Dismissal Order prohibited the Debtor from filing another bankruptcy petition "unless it is represent by a licensed attorney who is admitted to practice before the Court and is a disinterested person as defined by Section 101(14) of the Bankruptcy Code." (Dismissal Order at 1, Bankr. Case No. 12-07594, ECF No. 86).

On April 18, 2013, the Bankruptcy Court entered the Post-Dismissal Order. In this order the Bankruptcy Court cited its holding at the hearing on the Debtor's motion to dismiss:

> [T]he Court held that Mr. Johannessen was an interested party in this bankruptcy, and therefore had the right to be heard on the U.S. Trustee's motion to dismiss, also set for hearing that date, and to file motions on his own behalf. Moreover, Mr. Johannessen was allowed to participate and voice his objections to the U.S. Trustee's motion to dismiss at the hearing.

(Post-Dismissal Order at 1-2, Bankr. Case No. 12-07594, ECF No. 88). The Bankruptcy Court went on to grant the Appellant's request to file motions on his own behalf "to the extent that further hearings are necessary in this case." (*Id.* at 2). The Bankruptcy Court then denied "[a]ny other relief included in this request for clarification." (*Id.*). The Court also noted that the relief it granted to the Appellant "is moot to some extent since this case was dismissed on April 12, 2013." (*Id.* at 2 n.2).

7

On April 24, 2013, the Appellant filed a document titled "Response to April 17, Post-Dismissal Order." (Bankr. Case No. 12-07594, ECF No. 90). The Appellant submitted that "the Post-Dismissal Order is, at best, inconsequential and, at least, jurisdictionally infirm and highly prejudicial to [the Appellant] and other third parties' due process rights including, but not limited to, those of reasonable notice and an opportunity to be heard." (*Id.* at 5).

On April 25, 2013, the Appellant filed his Notice of Appeal appealing both the Dismissal Order and the Post-Dismissal Order.

## DISCUSSION

The Appellant contends: (1) that the Bankruptcy Court abused its discretion when it issued the Exclusion Order; (2) that the Bankruptcy Court abused its discretion when it dismissed the Debtor's Chapter 11 case before ruling on the Appellant's Motion for Clarification and Reconsideration of the Exclusion Order; (3) that the Bankruptcy Court abused its discretion by ruling via the Post-Dismissal Order on the Motion for Clarification and Reconsideration after the case was dismissed; and (4) that the Bankruptcy Court abused its discretion when it granted the Trustee's Motion to Dismiss. The Appellant makes no argument on the Motion to Dismiss besides the statement in the issues section of his brief that the Bankruptcy Court "dismissed the Chapter 11 case absent the Trustee's submission of competent or substantial evidence in support thereof." (Appellant's Br. at 9). The brief provides almost nothing in the way of argument regarding the activities of the Debtor, the Debtor's financial condition, or other information regarding the Debtor's ability to file a plan under Chapter 11 of the Bankruptcy Code.

The U.S. Trustee and BANA are both appellees in this case. The U.S. Trustee's brief focuses on the Motion to Dismiss. The U.S. Trustee argues first that the Appellant has no standing to appeal the Dismissal Order. According to the U.S. Trustee, the Appellant is not "a person aggrieved" with standing to appeal the Dismissal Order because the Appellant was not "directly and adversely affected pecuniarily by that order." (U.S. Trustee's Br. at 12). The U.S. Trustee further argues that

8

the Appellant waived the issue of the Dismissal Order by failing to meaningfully address the issue in his brief to the Panel. Finally, the U.S. Trustee argues that the Bankruptcy Court's dismissal of the Debtor's Chapter 11 case was not an abuse of discretion. The U.S. Trustee takes no position on the Post-Dismissal Order, because "if the . . . order dismissing Meridian Venture Partners LLC's chapter 11 case is affirmed, all issues related to the other orders are moot." (*Id.* at 1 n.1).

BANA's brief repeats each of the U.S. Trustee's arguments concerning the Dismissal Order. In addition, BANA argues that the Post-Dismissal Order is an interlocutory order not properly before the panel; that the Order of Exclusion was not timely appealed; and that the "Bankruptcy Court did not abuse its discretion when it refused to issue a ruling on the motion for reconsideration before ruling on the Motion to Dismiss" at the April 11, 2013, hearing. (BANA's Br. at 10).

I.   The Appellant Lacks Standing to Appeal the Dismissal Order.

Both BANA and the U.S. Trustee argue that the Appellant lacks standing to appeal the Bankruptcy Court's Dismissal Order. Furthermore, it is appropriate for the Panel to raise the issue of standing *sua sponte*. *S.E.C. v. Basic Energy*, 273 F.3d 657, 665 (6th Cir. 2001). The lack of standing is a jurisdictional bar to appellate review. *Harker v. Troutman (In re Troutman Enters.)*, 286 F.3d 359, 364 (6th Cir. 2002). An appellate court must therefore raise the issue of standing *sua sponte* because it is "under an independent obligation to police its own jurisdiction." *Basic Energy*, 273 F.3d at 665.

"Appellate standing in bankruptcy cases is more limited than Article III standing or the prudential requirements associated therewith." *Troutman*, 286 F.3d at 364. In order to have standing to appeal a bankruptcy court order, an appellant must be a "person aggrieved" by the bankruptcy court's order. *Fid. Bank, N.A. v. M.M. Group, Inc.*, 77 F.3d 880, 882 (6th Cir. 1996). This doctrine limits standing to those persons who "have been directly and adversely affected pecuniarily by the order . . . . Only when the order directly diminishes a person's property, increases his burdens, or impairs his rights will" an appellant have standing to appeal. *Id.*; *Travelers Cas. & Sur. v. Corbin (In re First Cincinnati, Inc.)*, 286 B.R. 49, 51 (B.A.P. 6th Cir. 2002) (citations omitted). The burden

9

of proving that a party is a "person aggrieved" is on the appellant asserting standing to pursue an appeal. *Fid. Bank*, 77 F.3d at 882.

The Appellant bears the burden of proving that he is an aggrieved party with standing to pursue an appeal, but he has failed to carry this burden. First, the Appellant asserts his standing to appeal in conclusory fashion. In his brief to this Panel, the Appellant states that he is "a party in interest herein and an 'aggrieved party,' " but he provides no further argument to support this position. (Appellant's Br. at 9).

Second, the circumstances of this case present no indication that the Order of Dismissal will directly and adversely impact the Appellant. The Appellant did not suffer the dismissal of a bankruptcy case; the Debtor's case was dismissed, and any injury entailed by the dismissal was suffered by the Debtor an LLC and distinct legal entity not the Appellant. The Appellant has not alleged any connection between himself and the Debtor sufficient to grant him standing. He is not a creditor and has stated in his application to employ himself as counsel to the Debtor that he has no ownership or equity interest in the Debtor. Even if the Appellant did have an ownership or equity interest in the Debtor, such an interest could not by itself confer appellate standing. Where a direct injury is to a corporation or other entity, the fact that the injury "may indirectly harm" a holder of an ownership or equity interest in the entity by diminishing the value of the holder's interest "does not bestow upon him a right to sue on his own behalf" and "does not confer standing." *Pignato v. Dein Host, Inc.* (*In re Dein Host*), 835 F.2d 402, 405-06 (1st Cir. 1987) (citing *Papilsky v. Berndt*, 466 F.2d 251, 255 (2d Cir. 1972)).

Furthermore, though the Appellant may be a party in interest, the "person aggrieved" standard is separate and distinct from the "party in interest" standard. Courts "apply a 'persons aggrieved' standard, not a 'party in interest' standard, to determine bankruptcy appellate standing." *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 217 (3d Cir. 2004). The Appellant has no standing unless he can satisfy the "person aggrieved" standard, and he has failed to do so. Because the Appellant has failed to prove that he is a person aggrieved, the Panel will dismiss his appeal for lack of jurisdiction.

10

## II. The Appeal of the Post-Dismissal Order is Moot.

"Federal courts have a duty to consider their subject matter jurisdiction in regard to every case[.]" *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). Mootness is a jurisdictional issue because "[t]he jurisdiction of federal courts extends only to actual, ongoing cases or controversies." *Ohio Citizen Action v. City of Englewood*, 671 F.3d 564, 581 (6th Cir. 2012) (citing *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477, 110 S. Ct. 1249 (1990)). "A federal court has no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matter at issue." *Cleveland Branch, N.A.A.C.P. v. City of Parma*, 263 F.3d 513, 530 (6th Cir. 2001).

"A case becomes moot when the issues presented are no longer live or parties lack a legally cognizable interest in the outcome." *Id.* In other words, "[m]ootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986).

Here, the Appellant attacks the Order of Exclusion and the Post-Dismissal Order because he wants to be heard, file motions, and represent his family trust in the Debtor's bankruptcy proceedings. But there is no way that the Appellant can obtain these ends even if the Panel were to act as the Appellant desires and vacate the Exclusion Order or the Post-Dismissal Order on the Appellant's Motion for Clarification and Reconsideration. Vacating the Exclusion Order or the Post-Dismissal Order will not help the Appellant represent his family trust or challenge BANA in these bankruptcy proceedings; the proceedings are now over. The Debtor's bankruptcy case has been dismissed, and this Panel has dismissed the Appellant's appeal of the Dismissal Order. If the Appellant wants the Debtor back in bankruptcy court, he should follow the Bankruptcy Court's instructions and obtain a lawyer for the Debtor so that the Debtor can file another petition.

Having concluded that the Appellant's appeal of the Post-Dismissal Order on his Motion for Clarification and Reconsideration of the Exclusion Order is beyond the jurisdiction of the Panel, the

11

Panel declines to address any of the other issues brought up by the parties in this appeal.

## CONCLUSION

For the foregoing reasons, the Panel dismisses this appeal for lack of jurisdiction.